IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-CV-01516-RPM

NAMBE PUEBLO HOUSING ENTITY,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD),
SHAUN DONOVAN, Secretary of HUD,
SANDRA HENRIQUEZ, Assistant Secretary for Public and Indian Housing, and
GLENDA GREEN, Director, Housing Management Div. Office of Native American Programs,
    HUD Office of Public and Indian Housing

    Defendants.

---

## ORDER FOR FINAL JUDGMENT

---

    HUD'S disallowance of 23 units from the FCAS inventory for fiscal years 2006-2008, was arbitrary because those units had not been conveyed and could not have been conveyed because of title impediments. Nambe claims that in addition to restoring the funds that HUD recaptured based on that decision, HUD should pay the amounts that would have been paid in subsequent years if those units had been included in the FCAS inventory through FY 2013.

    The last relevant information in the Administrative Record is a letter to HUD from Nambe dated January 4, 2011, saying that the 23 units had not been conveyed because BIA had not recorded a master lease. HUD disputes that contention and has submitted copies of quitclaim deeds showing conveyances of the disputed units.

This factual dispute cannot be resolved within the limited jurisdiction provided by the APA.  Additionally, if Nambe were to prevail by showing the continuance of title impediments after FY 2008, an order requiring HUD to pay the underfunded amounts would be granting a damage remedy rather than the restoration of funds improperly withheld and, as previously explained, this Court has no authority to order damages under the APA.  Accordingly, the "underfunded" claims for monies not paid by HUD in fiscal years after 2008 are denied.

In the Memorandum Opinion and Order of March 7, 2014, this Court held that one unit in Project 17 is included in the decision held to be arbitrary and capricious and therefore subject to restoration of funds withheld.  It is now clear from the briefing on the proposed judgment to be entered in this case that Nambe told HUD this unit was conveyed in 2008.  (*See* AR Vol. 3, Tab 64 at NPHE000988, May 28, 2010 letter from Nambe to HUD, stating that the BIA had approved conveyance of unit 0152 in 2008).  HUD withheld $9,862 for grant overfunding for that unit for FYs 2008, 2009, and 2010.  (A.R. Vol. 3, Tab 65 at NPHE000992-94).  Accordingly, that amount is now excluded from the judgment.

Based on the foregoing, it is

ORDERED that the Defendants' motion for scheduling order [#71] is denied; it is

FURTHER ORDERED that Defendants shall restore the amount of $112,631 to Plaintiff Nambe Pueblo Housing Entity for all Indian Housing Block Grant ("IHBG") funds that were illegally recaptured for 23 units in Projects NM99B040011and NM99B040013 for FYs 2006 through 2008.  Any such restoration shall be in addition to the full IHBG allocation that would otherwise be due to the Plaintiff under the Native American Housing Assistance and

Self-Determination Act ("NAHASDA") in a given fiscal year as calculated without application of the amount of the Judgment; it is

FURTHER ORDERED that Defendants shall make restoration of the IHBG funds from all available sources, including, but not limited to, either or both IHBG funds carried forward from previous fiscal years and IHBG funds appropriated in future grant years; it is

FURTHER ORDERED that the restoration of funds to the Plaintiff shall be completed as soon as administratively feasible, but in no event later than eighteen (18) months from the date of Judgment; it is

FURTHER ORDERED that with respect to grant funding for the 23 units described above, the Defendants shall refrain from threatening to or implementing any recapture of IHBG funds from the Plaintiff and shall not act upon any threatened recapture for fiscal years 2006-2008; it is

FURTHER ORDERED that the Clerk shall enter judgment providing relief to the Plaintiff as set forth above and awarding the Plaintiff its costs upon the filing of a Bill of Costs pursuant to D.C.COLO.LCivR 54.1.

August 13, 2014

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge